### CHARLES MATHIS V. THE STATE.
*No. 849. Decided December 12.*

**1. Murder—Accidental Meeting—Charge.**—On a trial for murder, where it appeared that the accused and deceased had an altercation, and thereupon accused went off to procure a larger pistol, and in about thirty minutes returned and said to deceased, "I hear that you have been looking for me. Here I am, ready for you, now." *Held*, that this did not constitute an accidental meeting, but was an invitation by defendant for a renewal of the difficulty; and a charge which upon this phase of the case submitted to the jury the issue of provoking a difficulty with intent to inflict an ordinary battery, or as an excuse to kill, was sufficient.

**2. Same—Evidence—Threats by Defendant.**—On a trial for murder the State was permitted, over objection by defendant, to prove, that two or three years prior to the homicide defendant had threatened to kill "any man who fooled with Mandy Smith," the objections urged being, that the testimony was immaterial, and that the threat was not directed towards nor used about deceased. *Held*, that the circumstances of rivalry between the parties for the affections and favors of the woman, defendant's jealousy of her, the fact that deceased on the night of the homicide came to a ball where she was in company with defendant and took her away, rendered the evidence of such a threat admissible, as shedding light on the conduct of defendant in relation to the homicide.

**3. Same—Threat General in Character and Naming No Person.**—It is not necessary, in order to render a threat admissible in evidence, that it should be directed against any particular person, when the facts and circumstances tend to point out the person against whom such threat is directed. Nor is it necessary to name the threatened party, when the facts and circumstances make it clear that the deceased was the party intended.

APPEAL from the District Court of De Witt. Tried below before Hon. S. F. GRIMES.

Appellant was indicted for the murder of Christobal Ramirez by shooting him with a pistol, in De Witt County, on the 4th day of March, 1893. At his trial he was convicted of murder of the second degree, his punishment being assessed at eleven years' imprisonment in the penitentiary.

The opinion sufficiently states the case.

. No briefs have come to the hands of the Reporter.

DAVIDSON, JUDGE.—Appellant, having been convicted of murder in the second degree, prosecutes this appeal.

A bill of exceptions was reserved to the charge of the court, because it was upon the weight of evidence; that it failed to submit the issue of accidental meeting, was negative in its character, and upon a theory not presented by the testimony. A careful inspection of the charge does not support the criticisms urged. We think the charge a clear statement of the law applicable to the facts of the case.

There are no facts which show an accidental meeting between the parties. Appellant and deceased had just had some hot words. Appellant went off, procured another pistol, larger than that he was then armed with, returned, and called to deceased, and said: "I hear you have been looking for me. Here I am, ready for you, now." About thirty minutes elapsed between these meetings. The only inference to be drawn from this conduct of appellant was an invitation to the deceased to renew their difficulty, and notice of his preparation for such renewal. Whether his intention was to bring on a difficulty for the purpose of inflicting an ordinary battery, or as an excuse for killing deceased, were submitted as issues in the charge, as was the law of manslaughter.

It is insisted that the court erred in admitting the evidence of Lizzie Weathers, mother of Mandy Smith, that two or three years prior to the homicide, appellant, at Gonzales, threatened to kill "any man who fooled with Mandy Smith." The objections urged were, that this testimony was immaterial; the threat was not directed towards nor said about deceased. The parties were rivals for the affections of the woman Smith, and had been for some time prior to the homicide, and her favors had been about equally divided between them; and on the night of the homicide deceased had been the cause of breaking up an appointment for continued favors between appellant and Mandy Smith. Previous to her removal from Gonzales to Cuero, appellant was the possessor of her affections, but very jealous of her. On the night of the homicide, and prior to the time of fulfillment of their appointment, appellant and Mandy Smith were attending a ball, when deceased came into the ball room and took her away. This seems to have angered appellant, and we think the testimony, viewed in the light of the whole case, was pertinent, as shedding light on the conduct of appellant on that night.

It is also insisted the court erred in permitting the witness Heinber to testify, that appellant sought to purchase his pistol, once about two years and the second time about two or three months prior to the homicide, and in further permitting him to say, that appellant stated on the latter occasion, "that he might want to kill some damn Mexican." In regard to the first conversation, the admission of it was harmless, and could not have prejudiced appellant's rights. In view of the fact that a Mexican was killed by appellant, and in view of the further fact that deceased was his rival, and a friend of the woman Smith, the statement that he might want to kill a Mexican was admissible. It is not necessary, to make a threat admissible, that it should be directed against any particular person, when the facts and circumstances tend to point out the person against whom such threat was made. Nor is it necessary to name the threatened party, when the facts and circumstances in evidence give point to the threat, making it clear that the deceased was the party intended.

Finding no error, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.